## 31178. SMITH v. THE STATE.

DECIDED APRIL 6, 1946.

*C. O. Baker*, for plaintiff in error.

*D. M. Pollock, solicitor-general*, contra.

GARDNER, J. 1. As to the general grounds, the defendant's attorney argues that there is no evidence to show concerted action on the part of the three defendants. The evidence, which we have set out, so completely refutes this contention that we feel that it would be of no benefit to comment on it further. There is no merit in this contention.

2. Special grounds 1 and 2 are but enlargements of the general grounds, in that they allege a failure of the evidence to show that the defendant, Hutchinson, and Walker acted with a common intent and purpose in the attack made upon Chandler; and also the failure of the evidence to disclose any malice. As to these contentions, under the evidence in behalf of the State which we have set forth, these grounds are without merit.

3. Special grounds 3 and 4 assign error because the solicitor-general stated in his argument that the punishment provided for a principal in the second degree was the same as that provided for a principal in the first degree. The law so provides. We can see no reversible error in this statement. It nowhere appears in the record that the solicitor-general argued that the defendant should receive the same punishment that Hutchinson, who did the actual cutting, had received. The trial judge made it clear that it was a jury question as to the degree of punishment which this defendant should receive. The solicitor-general said, when the question arose upon objections of the defendant's counsel to the solicitor's statement, that he, the solicitor, did not state and did not intend to state the degree of punishment which the jury should impose on the

defendant in the event they should find the defendant guilty, but that such question was exclusively for the jury.

4. Under the facts of this case, the court did not commit reversible error in failing to charge the offense of assault and battery.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*